UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLENN A. BRUMFIELD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-0489** |
| **WARDEN N. BURL CAIN** | **SECTION "E"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge for issuance of a report and recommendation presumably pursuant to **28 U.S.C. § 636(b)**. Rec. Doc. No. 5. Because the plaintiff is a prisoner seeking redress from a governmental entity or official, the Court as an initial matter shall conduct its statutorily mandated review for frivolousness pursuant to **28 U.S.C. § 1915A**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.     Factual and Procedural Background**

The plaintiff, Glenn Brumfield ("Brumfield"), is an inmate housed in the Louisiana State Penitentiary in Angola, Louisiana.[1] He filed this *pro se* petition for issuance of a writ of mandamus compelling the Louisiana 24th Judicial District Court for Jefferson Parish to produce to him certain documents and transcripts related to his prior criminal case so that he can review them for potential errors to be raised in challenging his conviction.

Brumfield alleges that he was convicted in Jefferson Parish on July 24, 2003, on one count of second degree murder and one count of attempted second degree murder.[2] He was sentenced by

---

[1] Rec. Doc. No. 1.

[2] Rec. Doc. No. 1, p. 4.

the state trial court to serve life in prison for the first count with a concurrent term of fifty (50) years in prison for the second count.

He claims that he has not been provided with complete copies of transcripts from all of the criminal proceedings, copies of all post and pretrial motions, the grand jury returns, voir dire and hearing transcripts, or copies of transcripts or reports for a defense witness, Eddie Thomas.[3] He claims that due process would require that these documents be provided to him so that he can peruse them for any errors that could be or should have been raised on review of his conviction. In spite of this claim, however, Brumfield quotes portions of the trial transcript in his petition in an effort to demonstrate the need to review the records to assure that every defense objection was brought to the attention of the state appeal court.[4]

## II.     Standards of Review

Title 28 U.S.C. § 1915A requires the Court to *sua sponte* dismiss any civil complaint filed by a prisoner upon a determination that it is frivolous, malicious, or fails to state a claim for which relief may be granted. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318, 326-27 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory,

---

[3] Rec. Doc. No. 1, p. 5.

[4] *See*, *e.g.*, Rec. Doc. No. 1, pp. 10-11.

such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III. Analysis

Brumfield seeks issuance of a mandamus to order the 24th Judicial District Court to provide him with copies of the desired documents and transcripts. His petition, however, fails to state a non-frivolous claim or one for which relief can be granted by this Court.

Section 1361 of Title 28 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." As codified under § 1361, this federal writ of mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

Brumfield has not here named an officer or employee of the United States for this Court to compel. He instead named only Warden Cain, a state official, and requested that a state entity, the 24th Judicial District Court, be made to produce the documents he seeks. Further, Brumfield has not alleged or shown that the respondent or the referenced state district court owe him a duty to
Case 2:13-cv-00489-SM Document 6 Filed 02/18/14 Page 3 of 5

3

provide the records he now seeks (ten years after his conviction) or that the respondent actually possesses any or all of the records he requests.

Nevertheless, it is well established that federal district courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973). This Court is therefore without power to order the named respondent, or the state court, to provide any documents to Brumfield. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties); *Cross v. Texas*, 508 F. App'x 290, 291 (5th Cir. 2013) (same); *Conner v. Tex. Ct. of Crim. Appeals*, 481 F. App'x 952, 953 (5th Cir. 2012). His petition, therefore, is frivolous and otherwise fails to state a claim for which this Court can grant relief.

## IV. Recommendation

It is therefore **RECOMMENDED** that Brumfield's Petition for issuance of a Writ of Mandamus be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

      New Orleans, Louisiana, this 18th day of February, 2014.

                                      **KAREN WELLS ROBY**
                                **UNITED STATES MAGISTRATE JUDGE**

---

[5] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.